**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIANA M. KORITZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:23CV0066 HEA** |
| | ) | |
| **JOSH KORITZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. No. 26].  The motion will be denied, without prejudice at this time.

There is no constitutional or statutory right to the appointment of counsel in a civil case.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794-795 (8th Cir. 2006).  "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Id.* at 794, citing *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005).  In considering a motion to appoint counsel for an indigent plaintiff, the Court should "determine whether the nature of the litigation is such that plaintiff as well as the

court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff seeks damages against the Defendants. The Amended Complaint sets forth the facts upon which this claim is based, and Plaintiff has set forth the grounds upon which she claims relief.  This case does not appear to be so complex at this stage that Plaintiff is unable to pursue this action without the assistance of counsel.  Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Plaintiff to present her claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 26] denied without prejudice.

Dated this 2nd  day of October, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

2