# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIANA M. KORITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-66 HEA |
| ) | |
| JOSH KORITZ, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Michael Koritz's Motion to Dismiss, joined by Defendant Josh Koritz. (ECF Nos. 88 and 96). Defendants Michael Koritz and Josh Koritz move to dismiss Plaintiff Diana M. Koritz's claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff Diana M. Koritz, proceeding *pro* se, opposes the motion. For the reasons below, Defendants Michael Koritz and Josh Koritz's Motion to Dismiss is granted.

### *I. Background*

Plaintiff brings suit against Defendants Josh Koritz, Michael Koritz, Thomas I. Jones, John C. Jones, and Deborah Ann Jones.[1] The operative complaint in this

---

[1] On September 9, 2024, Plaintiff voluntarily dismissed Defendants Darly Schaffer, Carisa Henze, Craig Hellman, William Gust, Peter Roth, and Prestige Technical Services. (ECF Nos. 66 and 68).

suit is Plaintiff's Second Amended Complaint, which Plaintiff filed on April 10, 2023.[2] (ECF No. 6). For the basis of jurisdiction in federal court, Plaintiff does not indicate whether jurisdiction is based on federal question or diversity. With regard to diversity jurisdiction, Plaintiff alleges that Defendants Peter Roth, Craig Hellmam, and William Gusts are citizens of Missouri. (ECF No. 6 at 3-4). Plaintiff, however, does not indicate the citizenship of any other party, even herself. (*Id.*) As for the amount in controversy, Plaintiff writes: "Aiding and abetting → White Collar Criminals. Income Tax Evasion. Parents Abuse/ Missouri Work." (ECF No. 6 at 6). She does not allege an amount of damages.

In the space provided for a statement of her claim, Plaintiff wrote the following:

> 10/2021
> That I gave a protected statement under Title 18 U.S. code 1512, 1573[.] That this Judge called Hellman. That they plotted with white collar criminals who owe[ ] millions by theft of [illegible] and said two disabled child[ren] of Hollie M Koritz did something wrong.

(ECF No. 6 at 5).

Plaintiff also attached to her Second Amended Complaint a number of typed pages. Plaintiff states that she comes before the Court with "a complaint of harm

---

[2]Plaintiff filed her Second Amended Complaint was filed using the Eastern District of Missouri's form "Complaint for a Civil Case."

Cyberstalking, Theft of Data, Theft of Intellectual Properties" on two email accounts.  (ECR no. 6 at 8).  She further writes:

> That due to an emotional time Michael Koritz took advantage of his sister who was had become confused with a death of a parent.  That with forethought and malice he and others sought to harm her.  To have her disinherited from an Estate through other case being filed in Missouri Courts.  That my Brother Jospeh K. Jones told me he put a keylogger in my computer.  That he had a friend Mr. Echo Camp that did come over and help with my computer since he was qualified and m[y] computer was slow.  That I paid 100.00 Cash. That I never under any circumstance would allow anyone to track or monitor me.  In addition as I was typing at my home one day, I typed the words FTC in and my computer went dead after reboot I seen Prestige Technical Services login … At the very time, I see another company called Beacon lynx incogitolabs.com.  I do not know who they are.
>
> Perhaps several months prior to that I received a text from him showing me a picture of my brother of Jonathan from him. A picture that glowed. That as I looked back I was thinking about my mother. That I was so disappointed about him and the family treated Joe and I.  That I did not think anything about it. That I was trying to be nice about things.  That he made all kinds of accusations against me. That I would find out in the text. That it was a camera of some type that is animated and took pictures of all my pictures, emails.
>
> That you have idea the ugliness and abuse I would endure as I made my way to a Police department Franklin County Sheriffs Department to acquire records on behalf of my Mother. Phone calls received. Threats to me for going to the Police Department. That I never told anyone I was going there. That I was told it was from my brother too. Joshua Koritz. A brother I loved smh how sickening it was. My poor mom what she endured.

(ECF No. 6 at 8-9).

In these typed pages, Plaintiff also describes what appears to be a state court proceeding where she was "denied the right to speak."  She complains that there was

3

no evidence, and that trial was 15 minutes. There are also allegations about a police report wherein her mother reported abuse; millions of dollars owned to the U.S. Government; hundreds of thousands of dollars owed to the City of St. Louis; abuse of taxpayer dollars and "Unemployment Security;" and "that a bunch of corporate attorneys, my brothers, and Franklin County Police abused my mother in 2012." (ECF No. 6 at 10-12). Plaintiff's writing is jumbled and disjointed, for example, she writes:

> THAT THEY HAVE THE AUDACITY TO SAY INHERITANCE FRAUD?  I WAS ASLEEP I JUST WOKE UP!
> THAT AMERICA IS WAKING UP TO THE FACT YOU OWE MONIES, MONIES OMG HOW DARE YOU PEOPLE! PAY UP AS WE ARE COMING FOR YOU …… Yes be afraid like Mom and I were.
>
> See you in Court! with her documents! Somone's going to Jail? You said I was, you framed me! I have your texts.

(ECF No. 6 at 13). It is unclear when or where the events occurred, who was involved, or even what happened. It is also unclear what harm or injuries Plaintiff is alleging she suffered. For relief, Plaintiff asks the Court to "Slap ther [sic] Hands." (ECF No. 6 at 5). Plaintiff indicates that she is claiming actual and punitive damages, but when asked to indicate the amount claim, she wrote: "[illegible] Americans Disability Act." (ECF No. 6 at 7).

In response, to the Second Amended Complaint, Defendants Michael Koritz and Josh Koritz argue that Plaintiff fails to establish that the Court has subject matter

4

jurisdiction in this case. In the alternative, Defendants Michael Koritz and Josh Koritz argue that the case should be dismissed because Plaintiff fails to state a claim in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff filed an opposition to Defendants Michael Koritz and Josh Koritz's Motion to Dismiss. She argues that she has met the pleading standard under Rule 12(b)(6). She also states that she has facts and evidence to present to the Court. Plaintiff did not address the issue of subject matter jurisdiction.

## *Discussion*

Federal Courts are courts of limited jurisdiction. "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022). If the Court does not have jurisdiction, it does not have the power to rule on the merits and must dismiss the action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court has an obligation to determine whether subject-matter jurisdiction exists before turning to the merits of a case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter

5

jurisdiction exists[.]"). Therefore, the Court will first take up the Defendants' motion to dismiss for lack of subject matter jurisdiction.

The burden of proving subject matter jurisdiction belongs to Plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000); *see also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction"). Plaintiff is required to show that the Court has jurisdiction to hear this case.

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, which are called federal question cases, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332, diversity of citizenship cases.

The Court will first address whether it has diversity jurisdiction pursuant to § 1332. A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v.*

*Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted).

Here, Plaintiff fails to identify the citizenship of many of the defendants in this case, including Defendants Michael Koritz and Josh Koritz.  She does allege that the now-dismissed Defendants Peter Roth, Craig Hellman, and William Gust are citizens of Missouri, and although she does not allege her citizenship in her Second Amended Complaint, in her initial Complaint, Plaintiff does allege that she is a citizen of Missouri. (ECF No. 1 at 3).  Thus, Plaintiff fails to establish that there is diversity of citizenship in this case.

As for the amount in controversy, Plaintiff fails to allege an amount that is in excess of $75,000.00.  In fact, she does not allege any amount of damages.  For relief, she asks that the Court "slap [their] hands."  (ECF No. 6 at 5).  The parties to this dispute are not diverse, and Plaintiff fails to allege damages in excess of $75,000.00.  The Court, therefore, finds that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is inapplicable.

The Court will now address whether it has federal question jurisdiction pursuant to § 1331. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017).  A complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

Plaintiff does not plead a federal question on the face of her Second Amended Complaint.  She does not allege that any of the defendants violated a federal constitutional or statutory provision.  Plaintiff does refer to the Americans with Disability Act, but she fails to allege how any of the defendants violated this statute. She also references white collar crime, income tax evasion, and the United States criminal code.  To the extent Plaintiff alleges the defendants took part in criminal activity, Plaintiff does not possess a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal

prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, the Court finds that the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Finding the Second Amended Complaint fails to allege either federal question jurisdiction or diversity jurisdiction, the Court finds that it lacks subject matter jurisdiction to hear this dispute in its entirety. The Court dismisses all claims against the remaining defendants in this cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael Koritz's Motion to Dismiss, which Defendant Josh Koritz joins, is **GRANTED in part, and DENIED in part**. The Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED.** The alternative Motion to Dismiss for Failure to State a Claim is **DENIED as moot.** [ECF No. 88]

**IT IS FURHER ORDERED** that Plaintiff Diana M. Koritz's claims against Defendants Michael Koritz, Josh Koritz, Thomas I. Jones, John C. Jones, and Deborah Ann Jones are **DISMISSED** for lack of subject matter jurisdiction.

9

**IT IS FURTHER ORDERED** that Plaintiff Diana M. Koritz's Motions for Summary Judgment and for Default Judgment are **DENIED without prejudice** for lack of subject matter jurisdiction. [ECF Nos. 59 and 71].

The Court will issue a separate Order of Dismissal.

Dated this 13th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE